**E-FILED**
Thursday, 01 September, 2005  10:57:31 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES DAVENPORT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04-1369 |
| | ) | |
| SUZANNE R. HASTINGS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

This matter is now before the Court on Petitioner James Davenport's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, that Petition [#1] is DENIED.

### Background

On November 27, 1991, Davenport was sentenced in the Central District of Illinois to 210 months imprisonment after being convicted of possession of a firearm by a felon. He is currently serving his term at the Federal Correctional Institution in Pekin, Illinois. Davenport has filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he asks the Court to overturn the Bureau of Prison's ("BOP's") calculation of his good conduct time.

### Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Here, Davenport argues that the BOP has incorrectly calculated his good time credit,

resulting in a loss of 145 days of credit against his sentence.  Specifically, he relies on the theory accepted in White v. Scibana, 314 F.Supp.2d 834 (W.D. Wis. 2004).  In White, the district court found that the phrase "term of imprisonment" as used in 18 U.S.C. § 3624(b)(1) referred to the actual sentence imposed rather than the time actually served by the inmate.  Id. at 838.  Thus, under that court's interpretation, a prisoner must receive 54 days of good time for each year of the sentence imposed, with no regard to how much of the sentence is actually served.  Id.

The BOP's interpretation of § 3624(b)(1) provides that the 54 days of good conduct time per year are applied only to the portion of the sentence that the prisoner actually serves in prison, as the term that the inmate actually serves is generally not the term imposed at sentencing but something less.  Accordingly, Davenport argues that the BOP's policy for awarding good conduct credit is incorrect.

On December 2, 2004, the Seventh Circuit considered the decision of the District Court in White. 390 F.3d 997 (7th Cir. 2004).  The Court of Appeals found that the BOP's discretion "to resolve ambiguities in the good-time statute is implicit in its statutory authority to determine and award good time" and that its interpretation of § 3624(b) is entitled to full deference under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984).  Id. at 1000.  In so finding, the Seventh Circuit noted that the statute establishes a process of awarding credit at the end of each year that would be rendered meaningless if "term of imprisonment" actually meant "sentence imposed."  Id.  Given the ambiguity in the statutory language, the Court of Appeals held that the BOP's interpretation of § 3624 was reasonable and reversed the District Court's decision granting the habeas petition.  Id. 1003.

As the only argument relied on by Davenport in support of his petition has now been explicitly rejected by the Seventh Circuit, the Court finds that he is not entitled to the relief sought in his Petition.

## Conclusion

For the reasons set forth above, Davenport's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DENIED.

ENTERED this 1st day of September, 2005.

_____s/ Michael M. Mihm_____
Michael M. Mihm
United States District Judge